UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>ECURITIES AND</small> E<small>XCHANGE</small>
C<small>OMMISSION</small>,

    Plaintiff,        Hon. Gordon J. Quist

v.                Case No. 1:11-cv-00580

A<small>RTHUR</small> W<small>EISS</small>, et al.,

    Defendants.
_____/


**REPORT AND RECOMMENDATION**


  This matter is before the Court on an Order to Show Cause (Dkt. 53) why default judgment should not enter against all of the defendants. The parties were heard on May 8, 2012. It is recommended that default judgment as to liability only be entered against defendants Ronald Abernathy, Arthur Weiss and Sovereign International Group, LLC.

  Plaintiff's first amended complaint (Dkt. 35) alleges that since late 2008, the defendants, Sovereign International Group, LLC, ("Sovereign"), Arthur Weiss and Ronald Abernathy, have been engaged in a fraudulent scheme whereby they solicited investors to invest in a purported venture that would use investor funds to trade securities. In fact, plaintiff alleges that defendants used no investor funds to trade securities. Instead, the amended complaint alleges that defendants misappropriated investor funds for their own personal use and, in a Ponzi like fashion, used some investor funds to make limited payments to a few other investors. As of the date of the

complaint, it is alleged that defendants raised approximately $560,000 from investors through the offer and sale of securities in the form of promissory notes and or investment contracts.

The undersigned now issues a report and recommendation recommending that the district judge enter a default judgment against all defendants pursuant to Fed. R. Civ. P. 55(2). Both the individual defendants and the corporate defendant have twice disobeyed direct orders of the court. Both the individual defendants and the corporate defendant have answered plaintiff's amended complaint (Dkt. Nos. 39a, 40 and 46). Counsel appeared on behalf of the corporate defendant Sovereign, but his motion to withdraw for lack of authority to act any further on behalf of the corporation has been granted (Dkt. 59). Defendants have not wholly failed to respond to plaintiff's claims; however, they have at least twice disobeyed direct orders of the court.

The genesis of this report and recommendation is the referral of this matter to the undersigned for a settlement conference. Apparently, at the Rule 16 scheduling conference the prospect of settlement negotiations was discussed and the matter was referred to the undersigned to conduct a settlement conference. A settlement conference was scheduled for March 19, 2012 at 9:00 AM and on the advice of the Hon. Gordon J. Quist the undersigned set aside an entire day to conduct the conference. The order clearly required an appropriate client representative with actual authority to settle to appear at the conference and warned that failure to do so "may result in the imposition of sanctions or a citation for contempt of court." (Dkt. 38). Plaintiff's counsel further advised on the record on March 19, 2012 and again on May 8, 2012 that the personal attendance of the parties and/or the party representative at the settlement conference

was made clear to the defendants by Judge Quist and all agreed that setting a settlement conference was a good idea.

The court very belatedly received correspondence from defendants Weiss and Abernathy requesting that they be excused from personal appearance at the settlement conference because they were each in financially straitened situations. The court did not respond and did not grant the request. Neither defendant Weiss nor defendantAbernathy appeared at the settlement conference (Dkt. 50). Mr. Dorsey did appear on behalf of Sovereign.

Because defendants had not wholly failed to respond to the court's order the court issued an order to show cause setting a hearing for May 8, 2012, requiring the defendants to appear <u>in person</u> and show cause why the undersigned should not issue a report and recommendation to the Hon. Gordon J. Quist that default judgment enter against all defendants for their failure to defend against plaintiff's amended complaint (Dkt. 53). Neither individual defendant appeared at the show cause hearing, again claiming straitened financial circumstances, although defendant Weiss did submit a motion for reconsideration of the court's order to show cause (Dkt. 54) which motion was denied. Also, prior to the date of the hearing on the order to show cause, Mr. Dorsey sought to withdraw as counsel for defendant Sovereign (Dkt. 56). Mr. Dorsey did appear on behalf of Sovereign at the May 8, 2012 hearing, and reasserted his motion to withdraw for the reason he had no authority to act on behalf of defendant Sovereign, nor any authority to participate in a settlement conference. Neither of the individual defendants, who appeared on the record by telephone (after failing to appear in person as ordered), had any objection to this withdrawal, and Mr. Dorsey was permitted to withdraw (Dkt. 59).[1]

---

[1] It should be noted that Mr. Dorsey has comported himself at all times in this time matter with the utmost professionalism.

The undersigned is convinced that defendants will not comply with this court's orders. While the undersigned is not unsympathetic to the individual defendants' claim of straitened financial circumstances, this matter has been pending for over a year, and according to plaintiff defendants have refused to provide sworn statements regarding their financial condition for months.

For these reasons, the undersigned recommends that a default judgment be entered against all of the defendants as to liability. The undersigned further recommends that the matter be referred to her to conduct an evidentiary hearing as to the proper parameters of an injunction to be entered against the defendants as requested in the amended complaint and as to the amount of any damages.

                                                              Respectfully submitted,

Date: July 3, 2012                                      /s/ Ellen S. Carmody
                                                          ELLEN S. CARMODY
                                                          United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). **The right to object to this report and recommendation also shall constitute notice to the defendants under Fed. R. Civ. P. 55.**