UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                                          Case No. 1:11-CV-580

RONALD ABERNATHY, ARTHUR           HON. GORDON J. QUIST
WEISS, and SOVEREIGN
INTERNATIONAL GROUP, LLC,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      Plaintiff, the Securities and Exchange Commission (SEC), filed its complaint in this case on June 3, 2011, against Defendants Ronald Abernathy, Arthur Weiss, and Sovereign International Group, LLC (SIG).  The SEC alleged that Defendants Abernathy and Weiss, through SIG, violated the Securities Act of 1933 and the Securities Exchange Act of 1934 by engaging in a fraudulent scheme to solicit funds from investors through the issuance of promissory notes/investment contracts.  The SEC further alleged that Defendants represented to investors that SIG would pool investor funds to trade investment-grade securities.  Contrary to Defendants' representations, the SEC alleges, Defendants never used any investor funds to purchase or trade securities, but instead used those funds to pay themselves and, in a Ponzi-like manner, returned a small portion of the funds to a few other investors.  The SEC claims that when investors inquired about the status of the purported investments and the returns that Defendants had promised them, Defendants falsely stated that SIG had received or would be receiving profits from certain investments, when no such investments had ever been made.  On January 23, 2012, the SEC filed an amended complaint adding certain claims and withdrawing other claims.

On January 24, 2012, the Court held a Rule 16 conference by telephone. Defendants Abernathy and Weiss appeared *pro se* and SIG was represented by counsel. During the conference, the Court informed the parties that a settlement conference would be scheduled in Grand Rapids, Michigan, before Magistrate Judge Ellen Carmody and each party would need to attend in person. Defendants assured the Court that they would have no problem traveling to Grand Rapids. Defendants also requested a March 19, 2012, date for the settlement conference and that discovery not occur prior to the conference to allow them to focus on the settlement conference. On January 26, 2012, Magistrate Carmody issued an Order Regarding Settlement Conference, directing the parties to attend the March 19, 2012, settlement conference in person. (Dkt. # 38.) The January 26, 2012, Order warned that "**[f]ailure of counsel to be accompanied by an appropriate client representative with actual authority to settle may result in the imposition of sanctions or a citation for contempt of court.**" (*Id.* at Page ID#733 (bolding in original).) A few days before the settlement conference, Defendants Abernathy and Weiss sent letters asking to be excused from the settlement conference, claiming financial hardships. (Dkt. ## 48, 49.) Although Abernathy and Weiss were not excused from the settlement conference, they failed to attend. Counsel for SIG appeared at the settlement conference but, because Abernathy and Weiss (who control SIG) had not given him settlement authority, he had no authority to act on behalf of SIG.

On April 2, 2012, Magistrate Judge Carmody entered an Order to Show Cause setting a show cause hearing for May 8, 2012. Defendant Weiss moved for reconsideration of that order, but Magistrate Judge Carmody denied the motion on May 7, 2012. Abernathy and Weiss failed to attend the May 8, 2012, hearing in person, although they were present by telephone. SIG's counsel did attend the hearing, and Magistrate Judge Carmody granted his motion to withdraw.

On July 3, 2012, Magistrate Judge Carmody issued a Report and Recommendation (R & R) recommending that the Court enter a default judgment, as to liability only, against all Defendants.

(R & R at 4.) Magistrate Judge Carmody further recommended that the Court refer the matter to her for an evidentiary hearing as to the appropriate scope of an injunction and the amount of any damages. (*Id.*) Abernathy and Weiss have filed almost identical Objections to the R & R (Dkt. ## 62 and 63), and the SEC has filed a Response. (Dkt. # 64.)

When a party objects to a report and recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Having conducted a *de novo* review of the R & R, Defendants' Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and a default judgment entered against Defendants as to liability.

After reviewing the R &R, the Court concurs with Magistrate Judge Carmody's observation that Defendants will not comply with this Court's orders and have not acted in good faith in this case. As set forth above, during the Rule 16 conference, Defendants represented to this Court, as well as to the SEC's counsel, that they would attend a settlement conference in Grand Rapids, Michigan. Defendants not only requested that the conference be held on a specific date, but also that discovery essentially be put on hold until after the settlement conference to allow them to work on a settlement. At no time did Defendants indicate that they could not afford to travel to Grand Rapids to attend the settlement conference. Instead, they waited until only a few days before the settlement conference to inform the Court that they could not afford to travel to Grand Rapids. In this Court's judgment, such conduct demonstrates a lack of respect for this Court's authority.

Even accepting Defendants' claims that they lacked the financial resources to travel to the settlement conference, Defendants' conduct during the course of this case suggests that they have have not proceeded in good faith in defending this action. For example, Defendant Weiss's conduct at the outset of this case suggested, if not intentional evasion of service of process, that he was not

3

entirely forthcoming with this Court or the SEC's counsel.  For example, on August 16, 2011, the Court mailed Weiss a copy of its August 15, 2011,Order granting Defendants an extension of time to answer the complaint to allow Defendants time to seek counsel.  The Clerk mailed the Order to Weiss at the address on his motion—5500 NW 69th Avenue, Lauderhill, Florida.  According to the SEC, it attempted to serve Weiss at that address and learned that it was a senior assisted-living center called Forest Trace and was informed by staff at that facility that there was no Arthur Weiss living there.  (Dkt. # 8, ¶ 14.)  Even if Weiss did not intentionally mislead the SEC or the SEC's difficulty in serving Weiss resulted from mistake or confusion, Weiss's actions at least suggest an intent to delay the litigation.  Moreover, according to the SEC, neither Abernathy nor Weiss have ever provided the SEC their  Rule 26(a)(1) initial disclosures, which were due by November 30, 2011, (dkt. ## 25, ¶ 8(a); 64 at 2), and they failed to respond to the SEC's request for documentation supporting their inability to pay—a precondition for any settlement agreement that might have been concluded at the settlement conference.  (Dkt. # 55-1, ¶¶ 6, 9.)

Defendants argue that Magistrate Judge Carmody's statement that Defendants have twice disobeyed direct orders of the Court misrepresents the facts.  The Court disagrees.  Defendants were ordered to attend the settlement conference and the show cause hearing in person and they failed to attend.  The magistrate judge's statement was an accurate statement of Defendants' conduct.

Defendants further suggest that Magistrate Judge Carmody's statements in the R & R, including her statement that she is "convinced that defendants will not comply with this court's orders," (R & R at 4), shows that she is biased against Defendants and cannot make impartial decisions in this case.  Again, the Court disagrees.  As set forth above, Defendants failed to comply with this Court's orders in spite of their representations in the Rule 16 conference that it would be no problem for them to travel to Grand Rapids to attend a settlement conference.  Moreover, the

record shows that Defendants failed to make good faith efforts to prepare for the settlement conference by furnishing the SEC the information it needed to evaluate any potential settlement with Defendants. Magistrate Judge Carmody's observations and conclusions are fully supported by the record.

Defendants further argue that the Court may not enter a default judgment against them because they answered the SEC's amended complaint. This argument ignores the Court's authority under Federal Rule of Civil Procedure 16(f)(1) to impose sanctions, which provides:

> **(f)** **Sanctions.**
> (1) *In General*. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1). Rule 16(f) allows a court to enter orders imposing the types of sanctions set forth in Rule 37(b)(2)(A), including entry of default judgment against the non-complying party. *See Reece v. Langford*, No. 85-5088, 1986 WL 17298 (6th Cir. July 11, 1986) (per curiam). Thus, the Court has authority apart from that granted in Rule 55(b)(2) to impose a default judgment based on Defendants' failures to appear at the settlement conference. Magistrate Judge Carmody's January 16, 2012, Order Regarding Settlement Conference made clear to the parties that failure to appear may result in the imposition of sanctions. Therefore, Defendants had plenty of notice that their failure to attend the settlement conference may have consequences. Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Carmody's Report and Recommendation issued July 3, 2012 (dkt. # 60) is **ADOPTED**, and Defendants' Objections are **OVERRULED**..

**IT IS FURTHER ORDERED** that, pursuant to Rules 16(f) and 37(b)(2)(A) of the Federal Rules of Civil Procedure, a default judgment is entered against Defendants as to liability based on

Defendants' failures to comply with Magistrate Judge Carmody's January 26, 2012, and April 2, 2012, Orders.

**IT IS FURTHER ORDERED** that this matter is referred to Magistrate Judge Carmody for an evidentiary hearing and submission of a report and recommendation regarding the proper scope of an injunction and the amount of damages, if any, for which Defendants are liable.


Dated: October 2, 2012                                         /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE